WINOKUR, J.
James Carter appeals the denial of his motion for postconviction relief. We affirm, but write to address Cartels claim that he would have entered an open plea rather than proceeding to trial but for his counsel’s misadvice regarding the validity of his asserted defense at trial.
Carter was charged with carjacking and leaving the scene of an accident involving unattended property. Carter proceeded to trial, at which the jury found him guilty on the carjacking count.* The court sentenced Carter to life as an habitual felony offender (HFO), and we affirmed. Carter v. State, 108 So.3d 1081 (Fla. 1st DCA 2013). Carter filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court summarily denied.
Carter alleged that his attorney rendered ineffective assistance for advising him that a “claim' of right” defense might be successful at .trial, when in fact “claim of right” is not a valid defense to carjacking. Because of this • alleged misadvice, Carter asserted that he refused to consider either plea negotiations involving more than ten years in prison or an open plea of guilty. He claimed that if he had been properly advised that this defense was invalid, he would have accepted a negotiated sentence of greater than ten years in prison or entered an open plea to the court. He argued that he was facing up to life in prison as an HFO and any sentence less than life would have been preferable. He alleged that there was a high likelihood that he would have been sentenced to less than life if he entered ah open plea, given that his prior record reflected only drug-related convictions with no violent crimes. The trial court denied this claim, concluding that.defense counsel advanced a valid defense.
In Morgan v. State, 991, So.2d 835 (Fla. 2008), the Flóxida Supreme Court ruled that a claim that trial counsel deficiently advised the defendant to reject a plea offer because the defendant would win the case or receive a lesser sentence if the defendant went to trial is sufficient to state a postconviction claim for ineffective assis *883 tance of counsel. In Lafler v, Cooper, 566 U.S. 166, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), the United States Supreme Court ruled that such claims are cognizable under the Sixth Amendment, Because Lafler established a different test for proving such a claim than set forth in Morgan, the Florida Supreme Court modified the standard for such a claim, as follows:
[i]n order to show prejudice, the defendant must demonstrate a reasonable probability, defined as a probability sufficient to undermine confidence in the outcome, that (1) he or she’would have accepted the offer had counsel advised the defendant correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer’s terms would have been less severe than under the judgment and sentence that in fact were imposed.
Alcorn v. State, 121 So.3d 419, 422 (Fla. 2013).
Carter asks us to go further than Alcorn. The State never conveyed a plea offer to Carter that he rejected due to alleged misadvice. Instead, Carter alleges that he would have entered an open plea if counsel had properly advised him, and that an open plea would have resulted in a lesser sentence than he received. We hold that such a claim' is too speculative to support postconviction relief.
A claimant alleging ineffective assistance of counsel must prove’ 1) specific acts or omissions of counsel that fell below a standard of reasonableness under prevailing professional norms; and 2) a reasonable probability that, but for counsel’s errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “A reasonable probability is a probability sufficient to undermine confidence in the outcome.”.Id. at 694, 104 S.Ct. 2052. The claimant must demonstrate a likelihood of a different result that is “substantial, not just conceivable.” Harrington v. Richter, 562 U.S. 86, 112, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). In order to sufficiently undermine the court’s confidence in the outcome, a claimant “must rely on more than mere speculation.” Derrick v. State, 983 So.2d 443, 462 (Fla. 2008). See also Connor v. State, 979 So.2d 852, 863 (Fla. 2007) (“Relief on ineffective assistance of counsel claims must be based on more than speculation and conjecture.”).
Even if we presume that counsel’s advice to proceed to trial was deficient, Carter'cannot rely on Lafler or Alcorn to establish prejudice. All four parts of the Lafler/Alcorn test involve an actual plea offer advanced to the defendant that was rejected. In such a case, it is already known that the State was willing to offer a specific plea bargain; the test involves whether the defendant would have accepted it but for the misadvice, and whether the court would have accepted the negotiated plea. Conversely, a claim that a defendant would have entered an open plea— which subjects the defendant to the same sentencing exposure as sentencing after trial—and that the court would have chosen to impose a lesser sentence than imposed after trial, is exactly the sort of “mere speculation” .that cannot support postconviction relief for ineffective assistance. For the same reason, it is difficult to envision an appropriate remedy for a defendant making such a claim: the sentencing court on remand would have the same sentencing options that were available when it imposed the post-trial sentence that the defendant actually received. For these reasons, we find that Carter’s allega *884 tion did not state a claim for postconviction relief.
AFFIRMED.
KELSEY and WINSOR, JJ., CONCUR.

 The State nolle pressed the leaving the scene count.