# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4102
_____

DARRYL EMERY GORDON,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Bruce Anderson, Judge.

October 17, 2019

B.L. THOMAS, J.

Darryl Gordan seeks review of the order denying his motion for postconviction relief. We affirm for the reasons set forth below. We reject all other arguments not discussed.

In 2015, a jury found Appellant guilty of aggravated assault with a deadly weapon, a lesser-included charge of attempted murder in the second degree. The criminal conduct involved shooting into a car in which the victim was sitting. Appellant asserted the victim was not in the car; the victim testified otherwise. Appellant was sentenced to twenty years' imprisonment with twenty-year mandatory-minimum term for the aggravated assault with a deadly weapon, to be served concurrently under the State's "10-20-Life" statute as it then applied. This Court affirmed his conviction and sentence per

curiam. *Gordon v. State*, 194 So. 3d 1023 (Fla. 1st DCA 2016) (Table).

Appellant filed a timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and argued that counsel was ineffective for misadvising him to reject a favorable plea offer. After receiving a response from the State, the lower court summarily denied the motion.

On appeal, Appellant argues that his counsel was ineffective for misadvising him about his likelihood of acquittal, which resulted in Appellant's refusal to enter into plea negotiations with the State. Appellant discusses four negotiations between his counsel and the State, where the State told counsel that if Appellant made a plea offer, the State would consider it without the mandatory minimum provision, and that even a "single-digit" sentence would be considered.

Appellant contends that counsel told him that he would be acquitted at trial because he had a strong defense. Due to this advice, Appellant argues he "rejected" the State's offer to enter into a plea.

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). To establish prejudice, a defendant must allege that "(1) he . . . would have accepted the offer had counsel advised [him] correctly, (2) the prosecutor would not have withdrawn the offer, (3) the court would have accepted the offer, and (4) the conviction or sentence, or both, under the offer's terms would have been less severe." *Alcorn v. State*, 121 So. 3d 419, 430 (Fla. 2013) (citing *Missouri v. Frye*, 132 S. Ct. 1399 (2012)).

This Court considered a similar argument to that raised by Appellant in *Carter v. State*, 225 So. 3d 881 (Fla. 1st DCA 2017). In *Carter*, the defendant alleged his attorney misadvised him about the likelihood of his defense succeeding at trial and due to this bad advice he refused to consider plea negotiations involving more than 10 years in prison or an open plea of guilty. *Id.* at 882. This Court found that this claim was too speculative to merit relief under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 883. Because the State never conveyed a plea offer, this Court

2

concluded that the *Alcorn* test could not apply, and the defendant could not establish prejudice. *Id.*

Here, as in *Carter*, the State did not make a plea offer. Gordon's counsel's notes indicate that counsel relayed the State's willingness to *consider* an offer. Counsel told Appellant that if he decided he was interested, counsel would fashion an offer. But Appellant responded that he would prefer to proceed to trial, despite counsel's warning Appellant that the State could add a charge of criminal mischief and, if convicted, Appellant would face at least a ten-year prison sentence on that charge alone.

To the extent the State indicated a willingness to entertain a plea, Appellant rejected the opportunity. Thus, because there was no actual offer made by the State, under *Alcorn* Appellant cannot show he was prejudiced by his counsel's alleged deficient performance.

AFFIRMED.

LEWIS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Darryl Emery Gordon, pro se, Appellant.

Ashley Moody, Attorney General, Amanda D. Stokes, Assistant Attorney General, Tallahassee, for Appellee.